1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   | RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands company, | Case No. CV11-0367 GAF (FFMx) |
11   |   | |
     | Plaintiff, | [~~PROPOSED~~] PROTECTIVE |
12   |   | ORDER |
     | v. | |
13   | SMOKING EVERYWHERE, INC., a Florida | NOTE CHANGES MADE BY |
14   | corporation; INSTEAD, LLC, a Nevada | COURT |
     | limited liability company; BLEC, LLC, a | |
15   | Nevada limited liability company; | |
     | SOTTERA, INC., a Nevada corporation, | |
16   | Defendants. | |

17   | RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands company, | Case No. CV 11-6268 GAF (FFMx) |
18   |   | |
     | Plaintiff, | |
19   |   | CONSOLIDATED CASES FOR |
     | v. | DISCOVERY AND MARKMAN |
20   | VAPOR CORP., a Nevada Corporation; | |
21   | LOAD AND FOLD dba MAGIC PUFFER, a | |
     | New Jersey Corporation; GIL CYPHERT, an | |
22   | individual dba NU 1S; JEFFREY ORTH, an | |
     | individual dba JANTY USA; JANTY USA, | |
23   | LLC, a Texas Limited Liability Company; | |
     | CN CREATIVE LIMITED, a United | |
24   | Kingdom company; INTELLICIG USA LLC, | |
     | a Georgia Limited Liability Company; and | |
25   | DOES 1-10, inclusive, | |
     | Defendants. | |
26   | AND RELATED COUNTERCLAIMS. | |

27

28

Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1.   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.2.   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.3.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.4.   "CONFIDENTIAL" Information or Items:  Disclosure or Discovery Material that are designated "CONFIDENTIAL" may contain material which reflects or contains any of the following:  (i) confidential or proprietary technical or scientific information; (ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development

information; (v) customer and supplier information; (vi) marketing strategies and
information; (vii) strategic business information including without limitation
business plans, manufacturing information, cost information or logistical
information; (viii) any information which is not generally known and which the
Designating Party would not normally reveal to third parties or would cause third
parties to maintain in confidence; or (ix) confidential information of a non-party
that the Producing Party is bound by a separate confidentiality agreement or court
order to maintain in confidence and that the Producing Party is permitted to produce
in the Action

    2.5.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
Information or Items:  Disclosure or Discovery Material that are designated
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may contain
material which reflects or contains any of the following: (i) trade secrets as defined
in Cal. Civ. Code § 3426.1(d), including customer lists, pricing analysis and
information, market surveys and competitive research, corporate financial
information and analysis, business strategies, and information related to product
development, research and releases; (ii) draft patent applications, invention
disclosures, and other information relating to the filing and preparation of patent
applications; (iii) research and experimental testing information; and/or (iv) any
confidential information that the Producing Party in good faith believes will result
in significant risk of competitive disadvantage or harm if disclosed to another Party
without restriction upon use or further disclosure, or that affords the Producing
Party an actual or potential economic advantage over others.

    2.6.   Designating Party:  A Party or Non-Party that designates information
or items that it produces in disclosures or in responses to discovery as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY."

2.7.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.8.   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.9.   <u>House Counsel</u>:  Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.  <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11.  <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.12.  <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.  <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14.  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.  <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel **(excluding those made in open court) (FFM)** that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition ~~or in other pretrial or trial proceedings,~~ **(FFM)** that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or identify in writing within 21 days of such event, all protected testimony and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  When it is impractical to identify separately each portion of testimony that is entitled to protection at the deposition, hearing, or other

proceeding and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted by providing notice in writing to all parties within 21 days of such event.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding **(excluding proceedings in open court) (FFM)** to include Protected Material so that the other parties can ensure that only authorized individuals, including those who are required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party

1  an opportunity to review the designated material, to reconsider the circumstances,

2  and, if no change in designation is offered, to explain the basis for the chosen

3  designation.  A Challenging Party may proceed to the next stage of the challenge

4  process only if it has engaged in this meet and confer process first or establishes

5  that the Designating Party is unwilling to participate in the meet and confer process

6  in a timely manner.

7      6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

8  court intervention, the Designating Party shall file and serve a motion to retain

9  confidentiality under Civil Local Rule **37** 7 **(FFM)** (and in compliance with Civil

10  Local Rule 79-5.1, if applicable) within 21 days of the initial notice of challenge or

11  within 14 days of the parties agreeing that the meet and confer process will not

12  resolve their dispute, whichever is earlier.[1]  Each such motion must be accompanied

13  by a competent declaration affirming that the movant has complied with the meet

14  and confer requirements imposed in the preceding paragraph.  Failure by the

15  Designating Party to make such a motion including the required declaration within

16  21 days (or 14 days, if applicable) shall automatically waive the confidentiality

17  designation for each challenged designation.  In addition, the Challenging Party

18  may file a motion challenging a confidentiality designation at any time if there is

19  good cause for doing so, including a challenge to the designation of a deposition

20  transcript or any portions thereof.  Any motion brought pursuant to this provision

21  must be accompanied by a competent declaration affirming that the movant has

22  complied with the meet and confer requirements imposed by the preceding

23  paragraph.

24      The burden of persuasion in any such challenge proceeding shall be on the

25  Designating Party.  Frivolous challenges and those made for an improper purpose

---

[1] If the Challenging Party has made two or more unsuccessful challenges of the Designating Party's designations, the Challenging Party is responsible for bringing the motion within the requirements of section 6.  The burden of persuasion would remain on the Designating Party.

(e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party and professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     during their depositions, witnesses presently employed by the Designating Party.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party and professional jury or trial consultants and mock jurors (1) to whom disclosure is reasonably necessary for this

litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f)     during their depositions, witnesses presently employed by the Designating Party.

7.4.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule **37** ~~7~~ **(FFM)** (and in compliance with Civil Local Rule 79-5.1, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.**     <u>**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>**A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of Protected Material which a Party or non-party later claims should not have been produced because of a privilege or protection from discovery, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, and/or settlement privilege ("Inadvertently Produced Protected Material") will not be deemed to waive any privileges, provided that the Party or non-party took reasonable steps to prevent disclosure. A Party or non-party may request the return or destruction of any Inadvertently Produced Protected Material. A request for the return or destruction of any Inadvertently Produced Protected Material shall identify the Protected Material inadvertently or unintentionally produced and the basis for withholding such Protected Material from production. If a Receiving Party receives Protected Material that the Receiving Party believes may be Inadvertently Produced Protected Material, it shall notify the Producing Party promptly after it is discovered that the Protected Material may have been inadvertently or unintentionally produced. If a Party or non-party requests the return or destruction, pursuant to this Paragraph, of any Inadvertently Produced Protected Material then in the custody of another party, such party shall not use or disclose, and immediately cease any prior use of, such materials and within two (2) business days return or destroy all copies of the Inadvertently Produced Protected Material. (The Receiving Party has discretion to select either the return or destruction option.) No one will use the fact of production of a document over which the Producing Party later asserts privilege to argue the privilege has been waived. The return of any Inadvertently Produced Protected Material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Protected Material was never privileged or otherwise

immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Protected Material.

**12.    MISCELLANEOUS**

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.  Protected Material may only be filed under seal with prior approval by the Court.  Pursuant to the Court's Orders, a party seeking to seal a non-dispositive motion need only make a "particularized showing" that "good cause" exists to seal the document [Dkt. 31 of 11-0367, citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006)], however, "judicial records attached to a dispositive motion" will not be sealed absent "compelling reasons."  [Dkt. 31 & Dkt. 35 (citing Kamakana at 1179)].

Further, if and when a Party files any evidence as Protected Material under seal according to the procedure described above, all papers that refer to or rely upon such Protected Material shall designate the particular aspects that are to be treated as confidential (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.

12.4.  <u>Access to Redacted Expert Reports</u>.  The parties shall cooperate in good faith to prepare redacted versions of expert reports that contain or refer to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information so that House Counsel of the parties with specific responsibility for the conduct of the litigation may have access to such reports as redacted.

12.5  <u>Non-Waiver</u>.  Pursuant to Federal Rule of Evidence 502(d) the Court orders that a privilege or protection is not waived by: (i) inadvertent disclosure connected with the litigation pending before the Court, in which event the disclosure is also not a waiver in any other federal or state proceeding, or (ii) disclosure pursuant to any agreement the parties reach for asserting claims of privilege or of protection after information is disclosed or produced (see FRCP 16(b)(3)(B)(iv)) connected with the litigation pending before the Court in which event the disclosure is also not a waiver in any other federal or state proceeding.

## 13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

      IT IS SO ORDERED.


DATED: February  21, 2012        /S/ FREDERICK F. MUMM
                        HON.  FREDERICK F. MUMM
                        United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 201__ in the case of *Ruyan Investment (Holdings) Limited v. Smoking Everywhere, Inc.*, et al., Case No. CV-11-0367-GAF (FFMx) and *Ruyan Investment (Holdings) Limited v. Vapor Corp.*, et al., Case No. CV-11-6268-GAF (FFMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____